UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH DONALDO LUNSFORD, # 1408264,

        Petitioner,

v.                                                         ACTION NO. 2:17cv49

HAROLD W. CLARKE,
Director of the D.O.C.,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner, Keith Donaldo Lunsford ("Lunsford"), submitted a *pro se* petition, pursuant to 28 U.S.C. § 2254, on January 23, 2017, while incarcerated in Virginia. ECF No. 1. In the Circuit Court for the City of Hampton, a jury convicted Lunsford of three counts of use of a firearm, two counts of malicious wounding, and one count of first-degree murder. *Id*. at 1. Lunsford was then a juvenile, but was tried as an adult, and accordingly was sentenced by the court rather than by the jury. Va. Code Ann. § 16.1-272(A) (West 2014). On May 5, 2009, the trial judge sentenced Lunsford to life plus 33 years in prison. ECF No. 1 at 1.

Lunsford appealed to the Virginia Court of Appeals, which denied his petition on December 16, 2009. *Id*. at 2. Lunsford then appealed to the Virginia Supreme Court, which refused his petition on August 27, 2010. *Id*. On January 28, 2016, Lunsford filed a writ of habeas corpus in the Circuit Court for the City of Hampton, alleging ineffective assistance of counsel. *Id*. at 3.

Under 28 U.S.C. § 2244(d)(1)(C), a habeas petitioner has one year to file a petition from "the date on which the constitutional right asserted was initially recognized by the Supreme

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Lunsford's habeas claim is based on the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Lunsford filed his state habeas petition on January 28, 2016, within one year of *Montgomery*, which was decided on January 25, 2016, but nearly four years after *Miller*. The petition was dismissed on January 23, 2017. ECF No. 8 at 2. Lunsford did not appeal to the Supreme Court of Virginia, but filed his federal petition the same day. *Id*. On April 19, 2017, respondent filed a Rule 5 answer and motion to dismiss, arguing that *Montgomery* did not announce a new rule of constitutional law, but merely held that the *Miller* rule had retroactive effect. ECF Nos. 6–8. Respondent argues that Lunsford's petition should therefore be dismissed as untimely. ECF No. 8 at 2–3; *see Dodd v. United States*, 545 U.S. 353, 357–58 (2005) (holding that the one-year limitation period begins to run on the date on which the Court "initially recognized" the right asserted in a petitioner's motion, not the date on which the right was made retroactive). Lunsford responds that *Montgomery* announced a new rule of constitutional law that was substantively different than the rule announced in *Miller*. According to Lunsford, *Miller* ruled that mandatory sentencing schemes which subject juveniles to life imprisonment without parole are unconstitutional, and *Montgomery* expanded that rule to also include discretionary sentencing schemes.

Courts have routinely rejected Lunsford's position that *Montgomery* announced a new rule of constitutional law, and have held § 2254 petitions to be untimely when they were filed within one year of *Montgomery*, but not within one year of *Miller*. *See, e.g., Thomas v. Clarke*, No. 3:16cv962, 2017 WL 4544675, at *3 (E.D. Va. Oct. 11, 2017) (Payne, J.), *appeal docketed*, No. 17-7415 (4th Cir. Oct. 24, 2017); *United States v. Johnson*, No. 3:01cr304, 2017 WL

3082660, at *3 (E.D. Va. July 19, 2017) (Lauck, J.), *appeal docketed*, No. 17-7030 (4th Cir. Aug. 11, 2017); *Malvo v. Mathena*, 259 F. Supp. 3d 321, 330 (D. Md. 2017); *Gray v. Dorethy*, No. 17 C 258, 2017 WL 4263985, at *2–3 (N.D. Ill. Sep. 26, 2017); *Crockett v. Cain*, No. 15-319, 2016 WL 7717434, at *4 n.27 (E.D. La. Dec. 1, 2016), *report and recommendation adopted*, 2017 WL 111180 (E.D. La. Jan. 11, 2017); *Hauser v. Cain*, No. 14cv2654, 2016 WL 4703974, at *4 (W.D. La. July 18, 2016), *report and recommendation adopted*, 2016 WL 4703509 (W.D. La. Sept. 6, 2016); *Young v. Biter*, No. CV16-520-JLS, 2016 WL 4775465, at *3 (C.D. Cal. July 8, 2016), *report and recommendation adopted*, 2016 WL 4770027 (C.D. Cal. Sept. 12, 2016). All of these courts have concluded that a petitioner alleging a *Miller/Montgomery* violation must file a petition within one year of the date of the *Miller* decision on June 25, 2012. *See Thomas*, 2017 WL 4544675, at *3. To quote the United States District Court for the District of Arizona, "[a]t this point, everyone seems to be in agreement that *Montgomery* did not create a new claim." *Amaral v. Ryan*, No. CV-16-594-PHX-JAT, 2017 WL 4349390, at *1 (D. Az. Oct. 2, 2017).[1]

The Fourth Circuit has not had occasion to specifically rule on this issue, but it has, on several occasions, described *Montgomery* as a "clarification" of *Miller*. *See Pinckney v. Clarke*, 697 F. App'x 768, 769 (4th Cir. 2017) ("clearly established federal law as determined in *Miller* and then clarified by *Montgomery*"); *United States v. Under Seal*, 819 F.3d 715, 719 (4th Cir. 2016) ("in *Montgomery* . . . the Supreme Court clarified that *Miller* contained both a substantive and procedural component").

---

[1] The District of Arizona did go on to hold that *Montgomery's* definition of "mandatory" was new enough that the petitioner was required to argue the implications of *Montgomery* to a state court for exhaustion purposes. *Amaral*, 2017 WL 4349390, at *4. For statute of limitations purposes, however, this Court focuses on whether *Montgomery* created a new claim, not whether it clarified an earlier claim in a perhaps unexpected way.

3

In support of Lunsford's argument that *Miller* applies to mandatory sentences, and *Montgomery* applies to discretionary sentences, Lunsford cites language from the *Montgomery* decision stating that courts must do more than simply consider a criminal offender's youth in sentencing. ECF No. 12 at 2–3. However, even in the language which Lunsford quotes, the Supreme Court makes it clear that it is interpreting *Miller*, not establishing a new rule. *See Montgomery*, 136 S. Ct. at 734 ("*Miller*, then, did more than require a sentencer to consider a juvenile offender's youth before imposing life without parole;" "*Miller* determined that sentencing a child to life without parole is excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption;'" "Miller did bar life without parole [ ] for all but the rarest of juvenile offenders"). Throughout the quotations cited by Lunsford, the Supreme Court explains, or clarifies, the holding of *Miller*.

Recently, this Court held that *Miller* applies to discretionary sentences, as well as mandatory sentences. *Malvo v. Mathena*, 254 F. Supp. 3d 820, 827 (E.D. Va. 2017) (Jackson, J.), *appeal docketed*, No. 17-6758 (4th Cir. June 14, 2017). This holding, however, was not based on *Montgomery* announcing a new rule. Rather, this Court stated that "the rule announced in *Miller* applies to all situations in which juveniles receive a life-without-parole sentence," and that, "[i]n *Montgomery*, the Supreme Court clarified the scope of the rule in *Miller*." *Id*.; *see also Dumas v. Clarke*, No. 2:13cv398, 2017 WL 3446640, at *5–6 (E.D. Va. July 14, 2017) (Leonard, J.). In other words, this Court was not recognizing a split between *Miller* and *Montgomery*, as Lunford argues, but was instead recognizing that *Miller*, as clarified by *Montgomery*, applies to discretionary sentences.

Lunsford cites to the Tenth Circuit's opinion in *Cardoso v. McCollum*, 660 F. App'x 678, 680 (10th Cir. 2016), particularly its statement that "[i]n *Montgomery*, the Court described

4

*Miller's* holding as perhaps broader than some previously believed." This may be true, but the Tenth Circuit's statement still identifies *Montgomery* as *describing Miller's* holding, rather than breaking new ground. Further, the Tenth Circuit in *Cardoso* expressed no opinion and made no ruling with respect to *Montgomery*, but merely remanded the case to the district court to consider *Montgomery* in the first instance. *Id*. at 681.

Lunsford makes two further arguments that *Montgomery* recognized a new rule of law: (1) the respondent, in a previous oral argument, argued that *Montgomery* was a new rule of law; and (2) the dissenting opinion in *Montgomery* accused the majority of rewriting *Miller*. ECF No. 12 at 3–4. According to the petitioner, the respondent previously argued to the Supreme Court of Virginia in *Jones v. Commonwealth*, 795 S.E.2d 705 (Va. 2017) that *Montgomery* was a "substantial expansion of *Miller*." *Id*. That the respondent previously took this position is not particularly compelling, and the Court notes that the Supreme Court of Virginia rejected that argument in its ultimate opinion. *Jones*, 795 S.E.2d at 709, 721–22 (stating that "[t]he holding in *Montgomery* tracked that in *Miller*" and holding that *Montgomery* did not expand *Miller* to cover discretionary sentences).[2] As for the dissent in *Montgomery*, while the dissent accused the majority of breaking new ground, the majority denied doing just that, repeatedly formulating its opinion as an interpretation of Miller. *See Montgomery*, 136 S. Ct. at 735 ("That *Miller* did not impose a formal factfinding requirement does not leave States free to sentence a child whose crime reflects transient immaturity to life without parole. To the contrary, *Miller* established that this punishment is disproportionate under the Eighth Amendment."). Ultimately, this Court is bound by the holding of the majority opinion, not the dissent's characterization of that opinion.

---

[2] As previously stated, this Court has disagreed with the Supreme Court of Virginia as to whether *Miller* covers discretionary sentences, but neither court has taken the position that *Montgomery* announced a new rule of constitutional law.

Lunsford was required to file his petition for habeas corpus by June 25, 2013, one year after *Miller*. Instead, he filed his petition on January 28, 2016. For this reason, his petition is untimely, and the Court RECOMMENDS that respondent's motion to dismiss the petition be GRANTED.

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within 14 days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 14, 2017